FILED
CLERK
01/27/2017
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN GEORGILIS,

                Appellant,

   -against-

                **ORDER**

                Bankr. Case No. 8-15-08364
                16-CV-1233 (JMA)

CORNING FEDERAL CREDIT UNION, et al,

                Appellees.
-------------------------------------------------------------X

**AZRACK, United States District Judge:**

On February 24, 2016, the pro se appellant filed a Notice of Appeal from an Order issued by Bankruptcy Court Judge Robert E. Grossman. (ECF No. 1.) A Transmittal of Notice of Appeal was docketed in this Eastern District of New York on March 11, 2016. (Id.) Pursuant to Federal Rule of Bankruptcy Procedure 8018, appellant was to serve and file his brief within thirty days of the notice provided by Docket Entry 5, entered and mailed to appellant on May 5, 2016. To date, there is no indication that appellant has served or filed his brief.

This Court issued an Order to Show Cause on July 11, 2016, directing appellant to respond and show cause why his appeal should not be dismissed by July 29, 2016. Appellant was warned that failure to respond to the Order could result in dismissal of the action. (ECF No. 6.) The Court issued a second Order to Show Cause on October 13, 2016, directing appellant to respond by November 14, 2016. (ECF No. 7.) The Court also sua sponte granted appellant an extension of time and set forth a new briefing schedule for the appeal. (Id.) Appellant's brief was due by December 1, 2016. On November 14, 2016, appellant filed an "Affirmation in Opposition of the Dismissal of this Appeal" requesting approximately a two-month extension

1

until January 10, 2017 to file his brief.  (ECF No. 8.)  The Court issued an Order on December 9, 2016 granting appellant until December 19, 2016 to file his brief.  Appellant was warned that failure to file his brief would result in dismissal of the case.  To date, appellant has not served or filed his brief with the Court.  The Court notes that appellant's requested deadline of January 10, 2017 has also passed.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).   The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance.  Peters v. Dep't of Corr. of N.Y.C., 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)).  When considering dismissal for failure to prosecute pursuant to Rule 41(b), the court considers five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014).  Generally, no single factor is dispositive.  Id.

The Court finds that dismissal in this case is warranted.  Although appellant has been directed to either file his brief or otherwise respond to the Court on three separate occasions to date, he has not filed his brief.  Additionally, appellant received his first warning about dismissal for failure to prosecute in July 2016.  Appellant responded to the Court's second warning by requesting an unduly long period of time to file his brief, considering the already lengthy delays

2

in this case.  Third, the appellees—who have already had to oppose appellant in the underlying bankruptcy matter—have faced a lingering possibility of additional briefing on this appeal over the last eight months.  Fourth, the Court has already sua sponte extended appellant's time to submit his brief and received no response.  Finally, given that appellant has already ignored previous warnings, the Court finds that lesser sanctions would be ineffective.

As it appears that appellant is no longer pursuing this case, the appeal is dismissed.  The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:   January 27, 2017
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge